**In re Bobby Dayton NEWMAN and Teresa Ruth Newman, Debtors.**

**Bankruptcy No. 384–01272.**

United States Bankruptcy Court, M.D. Tennessee.

Jan. 25, 1985.

Henry Clay Barry, Lebanon, Tenn., for debtor.

Gary Ethridge, d/b/a, Mt. Juliet Motors, Michael R. Jennings, Lebanon, Tenn., for defendant.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the motion of Bobby Dayton Newman, the debtor, to find his creditor, Gary Ethridge, d/b/a Mt. Juliet Motors, in contempt of court for violating the automatic stay imposed by 11 U.S.C. § 362 (West 1979). Upon consideration of affidavits submitted by the parties, statement of counsel and the entire record, the court hereby finds the creditor, Gary Ethridge, d/b/a Mt. Juliet Motors in contempt of court.

On May 10, 1984, the debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code. In their statements and schedules, the creditor, Gary Ethridge, d/b/a Mt. Juliet Motors, was listed as a creditor with a claim in the amount of $1,062.29 secured by a 1973 Olds 98. On Sunday, May 13, 1984, Harry Marthel and Aaron Adcock, employees of the creditor (hereinafter referred to as "employees"), went to the debtor's residence to repossess the Olds 98 securing the creditor's claim. When the employees asked the debtor for the Olds 98, he informed them that he had filed for bankruptcy. The employees requested proof of the bankruptcy filing and the debtor showed them a receipt from his attorney. Since the receipt showed no evidence of a bankruptcy filing, the employees called Mr. Gary Ethridge for instructions. Mr. Ethridge told the employees to repossess the car and bring it to the premises of Mt. Juliet Motors. Due to the creditor's actions, the debtor was unable to drive to work on the night of May 13, 1984, and, accordingly, was unable to work his normal eight hour shift.

Due to the creditor's action, the debtor sought a temporary restraining order from this court on May 14, 1984. The court issued a temporary restraining order and the creditor surrendered the Olds 98 to the

debtor. Subsequently, in a hearing on a motion to convert the temporary restraining order into a preliminary injunction, the parties entered into an agreed order. The order enjoined the creditor from repossessing the Olds 98 and stated that the car was originally repossessed in violation of the automatic stay.

A number of courts have held that an award of cost, attorney's fees and damages is appropriate when a party violates the automatic stay. *See In re Conti,* 42 B.R. 122, 12 B.C.D. (CRR) 87 (E.D.Va.1984); *Cusanno v. Fidelity Bank,* 29 B.R. 810 (E.D. Pa.1983); *Wariner v. First State Bank of Livingston,* 16 B.R. 216 (Bankr.N.D.Tex. 1981); *In re Reed,* 11 B.R. 258 (Bankr.D. Utah 1981). In these cases, the violating creditor has received notice of the bankruptcy filing in various ways. One method found by the courts to be sufficient notice is a statement by the debtor to the creditor that he has filed for bankruptcy. *See Wariner* at 218.

▮ In the present case, the court holds that the creditor had notice of the debtor's bankruptcy filing. Despite this knowledge, the creditor repossessed the debtor's Olds 98. As a result of this action, the debtor was forced to incur costs and attorneys fees in order to reclaim its automobile and the debtor was forced to miss a day's work. The court finds that the notice provided the creditor in this case to be very close to insufficient; however, the creditor did indeed have notice and has admitted to a technical violation of the automatic stay. Based on the affidavit submitted by the debtor, the court finds that the debtor is entitled to attorney's fees and costs in the amount of $935.00 and to damages in the amount of $63.12.

The court will accordingly enter an order finding the creditor in contempt of court and GRANTING a judgment to the debtor in the amount of $935.00 in attorneys fees and costs and $63.12 in damages.

IT IS, THEREFORE, SO ORDERED.