In re Perry Roy KETELSEN and SSN 503–52–5810 Lola Mae Ketelsen SSN 503–58–2592, Debtors.

Perry Roy KETELSEN, Lola Mae Ketelsen and Dennis Whetzal, Trustee, Plaintiffs,

v.

UNITED STATES of America Acting By and Through the FARMERS HOME ADMINISTRATION.

Bankruptcy No. 586–00305.
Adv. No. 87–5007.

United States Bankruptcy Court, D. South Dakota, W.D.

Sept. 25, 1987.

Robert M. Nash, Wilson, Olson & Nash, P.C., Rapid City, S.D., for Ketelsens.

Dennis C. Whetzal, Rapid City, S.D., Trustee, pro se.

Robert J. Haar, Asst. U.S. Atty., Sioux Falls, S.D., for U.S.

PEDER K. ECKER, Bankruptcy Judge.

This matter having come before the Court on the 24th day of August, 1987, pursuant to the Summons and Notice of Trial, and the parties having submitted memorandums in support of their respective positions, and the Court having reviewed the memorandums and having also heard the testimony of the witnesses for both parties, and the Court now being fully apprised of this matter; now, therefore, this Court hereby makes and enters the following:

### FINDINGS OF FACT

1. That on December 31, 1986 Plaintiffs, Perry Roy Ketelsen and Lola Mae Ketelson, filed a Chapter 12 petition for bankruptcy.

2. That Defendant, Farmers Home Administration, was listed as a creditor on the bankruptcy schedules and received notice of the Plaintiff's bankruptcy on or about January 13, 1987.

3. That on or about February 13, 1987, the Farmers Home Administration filed a Proof of Claim in Plaintiff's bankruptcy.

4. That on or about February 25, 1987, the Defendant, Farmers Home Administration, appeared at the plan confirmation hearing and actively participated in the confirmation of Plaintiffs' Chapter 12 Plan. The confirmed plan provided for payment pursuant to agreement of Farmers Home Administration and debtors.

5. That after February 25, 1987 but during the month of February of 1987, Debtors filed their 1986 income return, which established that Debtors were entitled to a refund in the amount of $3,446.00.

6. That on about April 6, 1987, the Internal Revenue Service sent Plaintiffs, Perry Roy Ketelsen and Lola Mae Ketelsen, a notice stating that the Ketelsen's 1986 income tax refund in the amount of $2,166.00 *had been* seized by the Farmers Home Administration and had been applied to Plaintiffs', Perry Roy Ketelsen and Lola Mae Ketelsen, past due obligation to the Farmers Home Administration.

7. That immediately thereafter, Plaintiffs' attorney, Robert M. Nash, contacted, by telephone and letter, the Farmers Home Administration, and specifically Tim Potts at the Farmers Home Administration, and informed the department that it was violating the automatic stay by allowing Farmers Home Administration to offset the Plaintiffs' 1986 income tax refund.

8. That on April 10, 1987, Tim Potts, County Supervisor of the Farmers Home Administration, sent a letter to Steve Magadenz, State Director of the Farmers Home Administration, in which he acknowledged the events thus far and requested information as to how to deal with the offset. A copy of the April 10, 1987 letter is in evidence.

9. That on or about May 4, 1987, Plaintiffs' attorney, Robert M. Nash, again contacted both Tim Potts and Steve Magadanz and requested return of the refund, despite the fact that one Robert Reid, attorney for the United States Department of Agriculture, had advised Mr. Potts and Mr. Magadanz not to reverse the offset and return the tax refund.

10. That on or about May 5, 1987, Plaintiffs' attorney, Robert M. Nash, sent a letter to Mr. Potts and Mr. Magadanz of the Farmers Home Administration advising them and providing them with the legal authority which existed which established that the Farmers Home Administration was actively violating the automatic stay. Robert Nash also informed them that retention of the refund was preventing the Plaintiffs, Perry Roy Ketelsen and Lola Mae Ketelsen, from planting crops and operating their farming business. U.S. attorney, Robert Haar, was also forwarded the May 5, 1987 letter, a copy of which is on file herein.

11. That on or about May 12, 1987, Robert C. Reid, attorney for the U.S. Department of Agriculture, sent a letter to Plaintiffs' attorney, Robert M. Nash, which stated that the Farmers Home Administration would take no action to reverse the offset and that the matter had been referred to Phil Hogen, U.S. attorney of South Dakota. A copy of Mr. Reid's letter is on file herein.

12. On May 26, 1987, Plaintiffs' filed this adversarial action seeking return of the refund, damages, attorney's fees and costs.

13. At the trial on August 27, 1987, the Farmers Home Administration, presented Plaintiffs, Perry Roy Ketelson and Lola Mae Ketelson, with a check refunding the improper offset of $2,166.00.

14. That viewed as a whole, the Defendant, Farmers Home Administration's actions were not only wilful but were also done with notice.

15. That Farmers Home Administration did not seek relief from the automatic stay before seizing the refund and took no action to correct its violation of the automatic stay even after proper request.

16. That the Defendant's actions and inactions constitute a direct violation of 11 U.S.C. § 362 and Plaintiffs are accordingly entitled to recover actual and punitive damages, costs and attorney's fees under 11 U.S.C. § 362(h).

17. That as a result of Defendant, Farmers Home Administration's, violating

of the automatic stay, Perry and Lola Ketelsen suffered actual damages in the amount of $1,100.00 which represents the damages incurred from being unable to plant and harvest 80 acres of oats located on their home place.

18. That due to the Defendant's wilful conduct in failing to return the improper offset, which was done with notice that such conduct was in violation of the automatic stay, Plaintiff is entitled to punitive damages in the amount of $13,284.96.

19. That as a result of Defendants wilful conduct and violation of the automatic stay, Plaintiff is also entitled to reasonable attorney's fees and costs, as set out in the Affidavit by Robert M. Nash and Frances R. Burnett, which are in the total amount of $3,332.28.

20. That Plaintiffs are also, of course, entitled to their refund in the amount of $2,166.00 which this Court hereby recognizes was delivered to the Plaintiffs at the trial of this matter on August 24, 1987.

CONCLUSIONS OF LAW

The Court for its Conclusions of Law adopts the Findings of Fact set forth above.

In addition, the Court concludes as a matter of law that due to Defendant's wilful violation of the automatic stay, Plaintiffs are entitled to a judgment against the United States of America by and through the Farmers Home Administration, as follows:

| | | |
|---|---|---|
| 1. | Actual damages | $ 1,100.00 |
| 2. | Punitive damages | $13,284.96 |
| 3. | Attorney's fees & costs | $ 3,332.28 |
| | Total Judgment | $17,717.24 |

In addition, the Court concludes as a matter of law that if the Defendant, Farmers Home Administration, had not delivered Plaintiffs a check in the amount of $2,166.00 at the trial in this matter then Plaintiffs would be additionally entitled to a judgment in the amount of $2,166.00, which represents the seized refund.