In re ACADEMY ANSWERING
SERVICES, INC., Debtor(s).

**Bankruptcy No. 86–03982.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

June 1, 1988.

David Mayo, Kathryn L. Roseen, Sindell, Rubenstein, Einbund, Pavlik & Novak, Cleveland, Ohio, for debtor.

Robin L. Greenhouse, U.S. Dept. of Justice, Washington, D.C., Robert Butts, I.R.S., Cleveland, Ohio, for I.R.S.

Richard French, U.S. Atty., Cleveland, Ohio, for U.S.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Debtor's Motion for Turnover, for Accounting, and for Damages; and the United States of America's Motion for Relief from the Automatic Stay. At the Hearing, the Parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the evidence and written arguments of counsel. Based on that review, and for the following reasons, the Court finds that the Debtor's Motion should be granted in part and denied in part, and the Motion of the United States of America should be granted.

### FACTS

The facts in this case do not appear to be in dispute. The Debtor–In–Possession, Academy Answering Service, Inc., filed its Chapter 11 Petition on December 18, 1986. The Debtor filed its Schedules on January 16, 1987, and listed the Internal Revenue Service as a creditor. The I.R.S. filed a proof of claim on April 16, 1987.

The Motion of Academy Answering Service is based on certain postpetition actions taken by the I.R.S. to collect prepetition taxes which were outstanding at the time of filing. First, on March 10, 1987 the I.R.S. levied on the Debtor–In–Possession's bank account. Debtor's counsel contacted the I.R.S., and the levy was released on March 18, 1987.

The Debtor–In–Possession also asserts that the I.R.S. acted unlawfully in offsetting prepetition overpayments against prepetition liabilities without first obtaining relief from stay. The I.R.S. contends that it acted under Second Revised General Order No. 2, which authorized the I.R.S. to "offset against any refund due a debtor any taxes due the United States Government ..." On August 17, 1987, Chief Judge John F. Ray vacated General Order No. 2. Nevertheless, the I.R.S. made setoffs in this case after the General Order

was vacated. The I.R.S. contends that these setoffs were a result of its inability to reprogram its computer. The I.R.S. states in its Memorandum that it "abated all setoffs made with respect to Academy" and returned the overpayments to their account of origination where they are now "frozen". Based on the I.R.S.'s actions, the Debtor–In–Possession seeks turnover of all refunds which were due prior to the setoffs, an accounting by the I.R.S., and damages, costs, attorney's fees and punitive damages against the I.R.S. The I.R.S. has moved for relief from stay to complete setoffs made after the date General Order No. 2 was vacated.

### LAW

■ The I.R.S. seeks to setoff prepetition overpayments against unpaid prepetition tax liabilities. 11 U.S.C. 553(a) states in pertinent part:

§ 553 Setoff

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...

Under § 362(a)(7), the automatic stay applies to:

(7) the set off of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor ...

Thus, prior to exercising any right of setoff, a creditor must obtain relief from stay, or an order allowing setoff, from the Bankruptcy Court. *See, United States v. Reynolds,* 764 F.2d 1004, 1006 (4th Cir. 1985); *United States v. Norton,* 717 F.2d 767, 773 (3d Cir.1983); *In re Britton,* 83 B.R. 914, 919 (Bankr.E.D.N.C.1988); *In re Ketelsen,* 78 B.R. 573, 574 (Bankr.D.S.D. 1987); *In re Rinehart,* 76 B.R. 746, 755 (Bankr.D.S.D.1987); *Matter of Woloschak Farms,* 74 B.R. 261, 264 (Bankr.N.D.Ohio 1987); *In re Wall,* 60 B.R. 512, 515 (Bankr.

W.D.Ky.1986); *In re American Cent. Airlines, Inc.*, 60 B.R. 587, 590 (Bankr.N.D. Iowa 1986); *In re Ohning*, 57 B.R. 714, 716 (Bankr.N.D.Ind.1986); *In re Wildcat Const. Co., Inc.*, 57 B.R. 981, 983 (Bankr.D. Vt.1986); *In re Peabody*, 51 B.R. 157, 159 (Bankr.D.Me.1985); *In re Conti*, 50 B.R. 142, 149 (Bankr.E.D.Va.1985); *In re Garcia*, 23 B.R. 266, 267 (N.D.Ill.1982); *In re Hill*, 19 B.R. 375, 379 (Bankr.N.D.Tex. 1982); *see also*, H.R.REP. No. 95–595, 95th Cong., 1st Sess. 377 (1977); S.REP. No. 95–989, 95th Cong. 2d Sess. 91–92 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5877–5878, 6333.

■ The Sixth Circuit Court of Appeals considered a setoff issue in *In re Southern Industrial Banking Corp.*, 809 F.2d 329 (6th Cir.1987). In that decision, the Court of Appeals stated, "The application of setoff, however, is permissive and lies within the equitable discretion of the trial court." *Id.* at 332. Initially, the creditor moving for setoff must show that a right to setoff exists by establishing the following:

1. A debt owed by the creditor to the debtor which arose prior to the commencement of the bankruptcy case;

2. A claim of the creditor against the debtor which arose prior to the commencement of the bankruptcy case;

3. The debt and claim are mutual obligations; and

4. A right to setoff the debts under nonbankruptcy law.

■ In the present case, the I.R.S. setoff several of the obligations while the Second Revised General Order No. 2 was in effect. *See, In re Dominguez*, 67 B.R. 526, 529 (Bankr.N.D.Ohio 1986). For the reasons set forth in *In re Willardo*, 67 B.R. 1014 (Bankr.W.D.Mich.1986) and *In re Internal Revenue Service Liabilities and Refunds in Chapter 13 Proceedings*, 30 B.R. 811 (M.D.Tenn.1983), orders granting ex parte relief from stay to the I.R.S. have become disfavored. However, prior to the vacating of General Order No. 2, it appears that the I.R.S. was able to rely on its provisions. *See, In re Dominguez, supra; In re Ferguson*, 83 B.R. 676 (Bankr.E.D.Mo.1988). Accordingly, the offsetting of prepetition

overpayments against unpaid prepetition tax obligations does not warrant the imposition of any penalties against the Internal Revenue Service. In addition, to the extent that the setoff may have been defective because of a lack of due process, the Court, having held a Hearing on this matter, will allow the setoff of the prepetition obligations because no valid defense to the setoff has been raised.

The setoffs made by the I.R.S. after August 17, 1987 were "abated" by the I.R.S. after it recognized its error in acting without having obtained relief from the automatic stay. Therefore, the Court must decide whether the I.R.S. is entitled to relief from stay to setoff the obligations, or whether the Debtor–In–Possesions's Motion for Turnover should be granted.

The basic doctrine of setoff is an equitable tool which was intended to eliminate unnecessary transactions between parties holding mutual debts. The Supreme Court has stated that setoff "is grounded on the absurdity of making A pay B when B owes A." *Studley v. Boylston National Bank*, 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313, 1316 (1913). However, in the Bankruptcy context, the right of setoff conflicts with the fundamental policy of equality of distribution. As noted in *In re Braniff Airways, Inc.*, 42 B.R. 443, 448 (Bankr.N.D.Tex.1984):

The privilege of setoff is at odds with this fundamental policy because setoff permits a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of the creditor's obligation to the debtor, i.e., in effect, the creditor receives a "preference". Denying setoff, on the other hand would result in the creditor paying into the estate the full amount owed while receiving only a pro rata distribution ultimately made to all unsecured creditors. Notwithstanding this conflict with the policy of equality of distribution among creditors, however, setoff has long been permitted in bankruptcy.

■ Accordingly, the burden of proof is on the I.R.S. to show a right to setoff under the Bankruptcy Code under the four

(4) criteria listed above. After reviewing the documents submitted, it appears that the I.R.S. has established that the November 2, 1987, December 7, 1987 and the two (2) January 4, 1988 setoffs were prepetition obligations. They are to be offset against prepetition taxes. Further, the requisite "mutuality" is present in this case, the parties being the I.R.S. and the prepetition Debtor. The required mutuality cannot exist when a creditor seeks to setoff prepetition obligations against those that arise postpetition. As the Court in *In re Hill,* 19 B.R. 375, 380 (Bankr.N.D.Tex.1982) stated: "the pre-petition debtor and the debtor-in-possession are separate and distinct entities. A post-petition obligation may not be setoff against a pre-petition obligation of the debtor, because there is no mutuality of obligation." *See also, In re Rinehart,* 76 B.R. 746, 750 (Bankr.D.S.D.1987); *In re Braniff Airways, Inc.,* 42 B.R. 443, 449 (Bankr.N.D.Tex.1984); 11 U.S.C. § 553(a). However, the proposed offsets all involve the prepetition entity, obviating any mutuality problem for these setoffs.

The final requirement for the I.R.S. is to show a right to setoff under nonbankruptcy law. *See, In re Britton,* 83 B.R. 914, 918 (Bankr.E.D.N.C.1988); *In re Rinehart, supra* at 749. In the case at bar, the I.R.S. asserts a right to setoff pursuant to 26 U.S.C. § 6402(a), which states in pertinent part:

(a) In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d) refund any balance to such person.

Thus, the I.R.S. has met its burden of proof in putting forward a prima facie case for setoff under § 553. The Debtor-In-Possession has not raised any objections to setoff under the statutory exceptions listed in § 553(a)(1), (2) and (3), and this Court finds allowing the setoff of these debts is a proper use of its equitable discretion. Accordingly, the setoffs will be allowed.

■ The fact that the Court will allow the setoffs to be completed does not moot the Debtor–In–Possessions allegation that the I.R.S.'s violation of the automatic stay was "willful" under § 362(h). The I.R.S. had notice that General Order No. 2 had been vacated, and that the Service was therefore required to seek relief from stay prior to any setoffs after August 17, 1987. The I.R.S. failed to move for relief from stay until after the Debtor–In–Possession filed its Motion in this case. Accordingly, the Court finds the I.R.S.'s violation of the automatic stay to be "willful" pursuant to § 362(h), and finds that the Debtor–In–Possession is entitled to reasonable attorney's fees in bringing this matter to the Court's attention. Counsel for the Debtor–In–Possession shall file an application for fees generated herein.

The Debtor–In–Possession has also raised the issue of the I.R.S.'s alleged misapplication of the Debtor's first quarter 1987 tax payments to the obligation incurred in the fourth quarter of 1986. The Court will hear further argument on this issue on June 16, 1988 at 9:00 A.M. The parties will bring whatever additional documentation they wish to submit concerning the propriety of the application of the payment. The Court will also hear any arguments the parties wish to make concerning punitive damages, attorney's fees, and other possible remedies for the alleged application of a postpetition payment to a prepetition obligation.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtor's Motion for Turnover, for Accounting, and for Damages be, and is hereby, Granted in part and Denied in part.

It is FURTHER ORDERED that the Motion for Turnover be, and is hereby, Denied.

It is FURTHER ORDERED that the Motion for Accounting be, and is hereby, Granted. The I.R.S. shall provide the Debtor with a more detailed accounting of how the setoffs are applied.

It is FURTHER ORDERED that the Debtor's Motion for Damages be, and is hereby, Granted for the amount of reasonable attorneys fees which will be set by the Court upon Application by Debtor's counsel.

It is FURTHER ORDERED that the United States of America's Motion for Relief from the Automatic Stay be, and is hereby, Granted for the purpose of completing the offsets which had been abated.

It is FURTHER ORDERED that the issue of the misapplication of 941 payments be, and is hereby, set for further Hearing on June 16, 1988 at 9:00 A.M., Courtroom No. 420, United States Courthouse, 201 Superior Avenue, Cleveland, Ohio.