### In re ACADEMY ANSWERING SERVICES, INC., Debtor.

#### Bankruptcy No. 86–03982.

United States Bankruptcy Court,
N.D. Ohio, E.D.

July 22, 1988.

Robin L. Greenhouse Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for I.R.S.

Kathryn L. Roseen, Diane Blocker, Sindell, Rubenstein, Einbund, Pavlik & Novak, Cleveland, Ohio, for debtor.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on the Amount of Reasonable Attorney's Fees, and the issue of the alleged misapplication of 941 tax payments raised by the Debtor–In–Possession. At the

Hearing, the parties had the opportunity to present the evidence and arguments they wished the Court to consider in reaching its decision. The Court has reviewed the arguments of counsel and the materials presented, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that attorney's fees should be awarded in the amount of One Thousand Dollars ($1,000.00) and that the 941 tax payments were not misapplied.

### FACTS

The facts in this case were set forth in this Court's Memorandum Opinion and Order issued on June 1, 1988. *See, In re Academy Answering Services,* 90 B.R. 294 (Bankr.N.D.Ohio 1988). In summary, the underlying cause of action involves the I.R.S.'s setoff of debts and credits without obtaining relief from stay. At the Hearing, the Debtor–In–Possession requested Two Thousand Seven Hundred Fifty-six Dollars and Twenty-five Cents ($2,756.25) in attorney's fees for time spent litigating the I.R.S.'s violation of the automatic stay imposed by 11 U.S.C. § 362. The Internal Revenue Service objected to the allowance of fees, as well as the amount requested.

The allegation of the Debtor–In–Possession that its 941 tax payments were misapplied was also considered at the Hearing. The I.R.S. produced the "federal tax deposit coupon" which accompanies a 941 deposit. The notation made by the Debtor–In–Possession reflected that the deposit was designated for the fourth quarter of 1986, not the first quarter of 1987 as asserted by Debtor's counsel. The testimony of the I.R.S.'s witness, Robert A. Butz, indicated that the Service would be willing to reallocate the deposit to the first quarter of 1987. The request was made to redesignate the deposit, and the I.R.S. indicated that it would do so. The issue was thereby resolved.

### LAW

The I.R.S. has asserted in its Brief, and at the Hearing, that this Court does not have jurisdiction to award any damages

against the United States under the circumstances of this case. It is the position of the I.R.S. that 11 U.S.C. § 362(h) does not authorize the award of attorney's fees against the United States for willful violation of the automatic stay. The I.R.S. argues that the only statute under which the Court may award attorney's fees against the United States is 26 U.S.C. § 7430. In order to qualify under § 7430 a party must satisfy three criteria: it must substantially prevail; it must have exhausted its administrative remedies; and, it must establish that the position of the United States in the civil proceeding was not substantially justified. While the I.R.S.'s Brief is fairly lengthy, it fails to cite any case law supporting its major premise, that § 362(h) does not apply to willful violations of the automatic stay by the United States.

A review of the relevant provisions of the Bankruptcy Code does not appear to support the I.R.S.'s position. 11 U.S.C. § 362(h) provides:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The term "this section", of course, refers to § 362, which imposes the automatic stay. The relevant language is found in § 362(a), which states in pertinent part: "... a petition filed under ... this title ... operates as a stay applicable to all entities ...". The key word in § 362(a) is "entities". The term "entity" is given a specific meaning in § 106(c):

> (c) Except as provided in subsection (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
>
> (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and
>
> (2) a determination by the court of an issue arising under such a provision binds governmental units.

*See also,* § 101(14).

Section 362 limits the rights of creditors to take action against property of the es-

tate. The list of prohibited activities includes § 362(a)(7), which states:

> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor ...

In its extensive discussion of sovereign immunity in *In re Inslaw*, 76 B.R. 224, 228–37 (Bankr.D.Dist.Col.1987), the court summarized its reasons for rejecting the government's claim of immunity:

> The "plain language" of Section 106(c), its legislative history, the commentators, and all the decided cases require a holding that the sovereign immunity of a governmental unit is waived with respect to a proceeding where the debtor seeks relief under a provision of the Bankruptcy Code, such as Section 362, that contains one of three "trigger words"—"creditor", "entity", or "governmental unit". This is so because (i) section 106(c) clearly provides that "a provision of [Title 11] that contains the term 'creditor', 'entity', or 'governmental unit' applies to governmental units"; (ii) section 362, by its express terms, is "applicable to all entities"; and (iii) by definition "'entity includes ... governmental unit ...'" 11 U.S.C. Section 101(14).
>
> As the legislative history to Section 106 explains:
>
>> "With respect to ... the application of the automatic stay, to governmental actions, this section and the other sections mentioned are intended to be an express waiver of sovereign immunity of the Federal government."
>
> H.Rep. No. 595, 95th Cong., 1st Sess. 342, U.S.Code Cong. & Admin.News 1978, p. 6299.

*In re Inslaw, supra* at 232.

Other Courts have also awarded attorney's fees against the United States for civil contempt because of violations of § 362(a)(7), which stays any setoff. *See, United States v. Reynolds*, 764 F.2d 1004 (4th Cir.1985); *United States v. Norton*, 717 F.2d 767 (3rd Cir.1983). After § 362(h) was enacted in 1984, courts continued to award damages and attorney's fees against the United States for violations of the auto-

matic stay through wrongful setoffs. *See, In re Ketelsen*, 78 B.R. 573 (Bankr.D.S.D. 1987); *In re Rinehart*, 76 B.R. 746 (Bankr. D.S.D.1987); *Matter of Woloschak Farms*, 74 B.R. 261 (Bankr.N.D.Ohio 1987). Thus, it appears that the I.R.S.'s argument that this Court is without jurisdiction to award attorney's fees against the United States under § 362(h), is without merit. It follows that the Internal Revenue Service's corollary assertion, that the Court may only award attorney's fees against the United States under 26 U.S.C. § 7430, must also be rejected.

■ Turning to the amount to be awarded, the Court notes several mitigating factors which combine to reduce the appropriate attorney's fees in this case. First, the Debtor–In–Possession did not prevail on all issues raised in this litigation. Second, the revocation of "General Order No. 2" was somewhat ambiguous, it having evolved into "Second Revised General Order No. 2". Third, the I.R.S.'s conduct was not, in any way, contumacious. The I.R.S. was simply too slow in responding to the requirements imposed upon it by the Bankruptcy Code. Because of the need for a swift resolution of such problem, in bankruptcy, attorney's fees are still appropriate.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Debtor–In–Possession be, and is hereby, awarded attorney's fees in the amount of One Thousand Dollars ($1,000.00) for violations of the automatic stay.