In re Joyce A. SIZEMORE, Debtor.

Joyce A. SIZEMORE, Plaintiff,

v.

**DAYTON EMERGENCY SPECIALISTS, Defendant.**

Bankruptcy No. 3–90–01312.
Adv. No. 3–91–0058.

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 6, 1992.

Mary K.C. Soter, Dayton, Ohio, for plaintiff/debtor.

George W. Ledford, Englewood, Ohio, Chapter 13 trustee.

### ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the motion for default judgment and supporting affidavits with respect to damages filed by the debtor, Joyce A. Sizemore, and the attorney for debtor, Mary K.C. Soter. The court finds that the defendant, Dayton Emergency Specialists, is in default for appearance or response to the summons issued in this proceeding. The court finds that defendant sent dunning or billing notices to the debtor after being advised that the debtor had filed a chapter 13 petition.

All of the facts related to the case are derived from the affidavit of Joyce A. Sizemore, the debtor. Dayton Emergency Specialists continued to bill her after the filing of the chapter 13 and also called her on the telephone twice, asking when she was going to finish paying the other one-half of the debt. Her former husband paid one-half of the debt. In a telephone call she told the creditor she had listed the debt in her chapter 13 case. The representative became very rude and hung up on her. The debtor states the dunning notices and telephone calls made her very upset and exacerbated her chronic fatigue syndrome, for which she receives Social Security benefits, causing her to seek medical treatment.

It is significant that in neither affidavit is there a reference to action by the attorney for the debtor to request Dayton Emergency Specialists to stop sending dunning notices. The attorney's affidavit for legal services performed begins on April 4, 1991, with the consultation with the client. That same day the attorney prepared a Motion for Violation of Stay. Thereafter the attorney performed other services connected with this litigation, including review of the notice of dismissal from the court, preparation of a motion to extend the time to file a default judgment, contact with the post office, preparation of a praecipe for alias summons, preparation of the motion for default judgment, contact with the court for a hearing or the use of affidavits to support the motion for default judgment, call to the client and preparation of the affidavits. These services required seven hours of attorney's time for which she suggests payment of $875.00 at $125.00 per hour.

The motion for default judgment requested a judgment for $250.00 and $250.00 toward the attorney fees.

The efforts of the attorney may have been successful in stopping the creditor from sending dunning notices and making telephone calls. The attorney lists no contact with the creditor in her affidavit of services. Other than the preparation of the Motion for Violation of Stay, all of the legal services performed deal with continuing the case against Dayton Emergency Specialists after the October, 1991, notice of imminent dismissal for failure to prosecute the proceeding. The creditor never answered nor appeared and has been in default for an answer or appearance since April 5, 1991.

This court must consider the violation of stay by Dayton Emergency Specialists to be technical at best. In the telephone calls the creditor asked when Joyce A. Sizemore was going to pay the bill. She answered the question by stating the creditor was included in her chapter 13 case after which the creditor's representative became rude and hung up.

The facts of this case are typical to many bankruptcy cases, especially in a case involving chapter 13 where all or a portion of the debt is proposed to be paid according to the debtor's plan over a three to five year period. The court finds that the action and attitude of Dayton Emergency Specialists, while regrettable, were not so egregious as to require compensation in the amount Joyce A. Sizemore requests. She states she was upset and sought medical treatment for a migraine headache. Reasonable compensation for a doctor's visit and medication is $50.00.

The attorney's affidavit demonstrates that she made no attempt to contact the creditor to request a cessation of collection attempts or to warn that legal action would be taken if the creditor continued to contact the debtor. The first item of legal services recited in the attorney's affidavit was for preparation and filing of a Motion for Violation of Stay after consulting with the client on April 4, 1991. The Motion for Violation of Stay was docketed on April 5, 1991. The affidavits do not mention any further contact by Dayton Emergency Specialists after April 5, 1991.

The court believes that the Motion caused the creditor to cease the contacts with the debtor. The court suggests that a letter or a telephone call to the Dayton Emergency Specialists stating the effect of the automatic stay in bankruptcy prohibiting collection efforts by a creditor and demanding a cessation of any further contact would have had the same effect as the Motion for Violation of the Stay. After the consultation with the client and the letter or telephone call, the attorney's time and energy could have been conserved so that an appropriate fee may have been $50.00.

All of the other legal services rendered by the attorney were in pursuance of the litigation after a notice of imminent dismissal was issued on October 1, 1991. Dayton Emergency Specialists made no effort to defend the matter, so the additional legal work was of limited value other than to increase the attorney fees. Debtor and debtor's attorney now seek to collect those fees from the creditor who was not defending or disputing the matter.

For the reasons stated above the court will grant judgment against the creditor and to Joyce A. Sizemore for $50.00 as compensatory damages and $50.00 for application toward debtor's attorney fees.

IT IS SO ORDERED.