In re Gregory Alan McHENRY and
Michele Lee McHenry, Debtors.

Gregory Alan McHENRY and Michele
Lee McHenry, Appellants,

v.

KEY BANK, Appellee.

BAP No. WW–94–1291–HMeO.
Bankruptcy No. 93–07927.

United States Bankruptcy Appellate Panel
Ninth Circuit.

Argued and Submitted Jan. 19, 1995.

Decided March 22, 1995.

**166**

James C. Sturdevant, Bellingham, WA, for appellants.

Christine A. Ford, Tacoma, WA, for appellee.

Before HAGAN, MEYERS and OLLASON, Bankruptcy Judges.

### OPINION

HAGAN, Bankruptcy Judge:

Appellants, chapter 7 debtors, appeal the bankruptcy court's rejection of their application for an award of attorney's fees and damages based on the Appellee's alleged violation of the section 362 automatic stay. For the reasons expressed in this memorandum, we affirm the bankruptcy judge's ruling.

### FACTS AND PROCEEDINGS BELOW

Debtors, Gregory Alan McHenry and Michele Lee McHenry ("Appellants") filed their chapter 7 petition on October 5, 1993. Key Bank ("Appellee") was listed in their schedules as a secured creditor holding an interest in Appellants' 1985 Pontiac automobile. Notice of the section 341(a) meeting was mailed by the bankruptcy court clerk's office on October 7, 1993. Appellee's employees apparently misplaced the notice. The section 341(a) meeting was held on November 17, 1993.

An employee of Appellee, not knowing of the Appellants' filing, telephoned appellant Greg McHenry on October 23, 1993, to discuss appellants' delinquent car payments. Mr. McHenry advised of the bankruptcy filing, said that they probably would not reaffirm the appellee's debt, and gave the caller the name and telephone number of their attorney, James Sturdevant.

Two days later, on October 25, 1993, a bank employee called the appellants' attorney, Mr. Sturdevant. Mr. Sturdevant confirmed the filing, and confirmed that the appellants were not going to reaffirm the debt and would return the Pontiac to the Bank. Without further contact with Mr. Sturdevant, an employee of Appellee then called the Appellants and made arrangements to pick up the Pontiac. The vehicle was repossessed on October 30, 1993, in accordance with arrangements made by the appellant Mr. McHenry and the Appellee's agents.

Mr. Sturdevant, then, on behalf of the Appellants, filed a "Motion for Sanctions of Damages, Punitive Damages, and Attorney's Fees for Key Bank's Violating the Automatic Stay by Repossessing Automobile," with supporting declarations by the Appellants and himself. The motion requested attorney's fees, actual damages of $5,000.00, and punitive damages of $15,000.00. The declaration of Mr. McHenry asserted his wife had been ill and that the phone call of the Appellee's representative had upset her and aggravated her illness. A separate declaration of Mr. Sturdevant itemizes his charges for which he sought reimbursement through the motion. The requested amount was $2,683.41. The

work was performed from November 3, 1993, to January 12, 1994, the date of the hearing on the motion. All of Mr. Sturdevant's charges were incidental to the motion for sanctions.

At the hearing the Bankruptcy Judge denied the motions with the following comments addressed to Mr. Sturdevant:

> Well, look, there may have been a technical violation of the stay here. But insofar as I can tell, you were the debtor's legal representative, and you told the bank they would not reaffirm, and you told the bank that the debtors would return the car. On the basis of those facts, I just don't see any reason for imposing sanctions against the bank. The motion will be denied.

The Appellants moved for reconsideration. That motion was denied without hearing and the McHenrys' filed their notice of appeal.

Appellee contends it did nothing wrong; that the debtors had not filed their section 521 statement of intention prior to the repossession, and that Appellants suffered no damages.

## STANDARD OF REVIEW

■ The bankruptcy judge concluded the actions of the Appellee did not justify an award of damages to the Appellants. Whether the automatic stay was willfully violated is a question of fact, reviewed for clear error. *Franchise Tax Board v. Roberts (In re Roberts)*, 175 B.R. 339, 343 (9th Cir. BAP 1994). The amount of sanctions imposed for a willful violation of the stay is reviewed for an abuse of discretion. *Id.*

## ISSUES

The Appellants correctly offer the following statement of issues:

1. Did Key Bank violate the automatic stay of 11 U.S.C. § 362(a) when it repossessed the debtors' car?

2. Did Key Bank willfully violate the automatic stay of 11 U.S.C. § 362(a), when it repossessed the debtors' car?

3. If the answers to the two issues above are in the affirmative, should the debtors be awarded damages under 11 U.S.C. § 362(h) for Key Bank's willful violation of the automatic stay of 11 U.S.C. § 362(a) and how much?

## DISCUSSION

### I. WAS THE STAY VIOLATED?

■ The actions of the Appellee fell within the scope of actions prohibited by section 362. The phone call to the debtors on October 23, 1993, was an attempt to collect a prepetition debt. Section 362 prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of a case under this title". 11 U.S.C. § 362(a)(6).

■ Appellee received notice of the filing through the notice of the section 341(a) meeting. The fact it was misplaced, or that the employee who first made contact with the appellants did not know the stay was in effect, does not mean the automatic stay was any the less violated. The same is applicable to the fact the appellants did not file their section 521 statement of intention prior to the repossession. A debtor has 30 days from the date of the filing of the petition to make the required filing under 11 U.S.C. § 521(2)(A). That time had not expired prior to the repossession of the vehicle.

### II. WAS THE VIOLATION WILLFUL?

■ The stay violation was "willful". *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113 (9th Cir.1992)

> "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was 'willful' or whether compensation must be awarded."

974 F.2d at 115 (quoting *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989)).

The Appellee is charged with notice of the filing, and the actions of its employees were intentional.

### III. SHOULD DAMAGES BE AWARDED?

■ Section 362(h) provides:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Whether the Appellants should be awarded damages is the essential issue of this appeal. Lack of entitlement to damages was the basis of the bankruptcy judge's ruling.

Appellants argue they are entitled to actual "non-economic" damages for violation of their "fundamental bankruptcy right to be left alone." They also argue their right to punitive damages. Appellants cite to *In re Bunch*, 119 B.R. 77 (Bankr.D.S.C.1990), *In re Knaus*, 889 F.2d 773, 775 (8th Cir.1989), and *In re Neal*, 106 B.R. 90 (Bankr.E.D.N.C. 1989). These cases are distinguishable.

In *In re Bunch*, the creditor, a bank, offset a portion of the debtors' bank account against a payment due on an obligation. Upon being informed of the debtors' chapter 13 bankruptcy, the bank refused to undo the offset. The court awarded actual damages, but declined to impose punitive damages.

In *In re Neal*, the actions of the offending creditor involved harassment of the debtors to collect the obligation. Actual damages were found to exist in the form of lost income to attend the hearing on the motion for violation of the stay. The facts of the case indicate the debtors' motion for sanctions was necessary to stop a continuing course of conduct.

*In re Knaus* comes the closest to supporting the Appellants' position. The Eighth Circuit Court of Appeals affirmed an award of actual and punitive damages to the debtors. The "actual" damages were attorney's fees incurred by the debtors in bringing the motion. The Court did not discuss the issue of justification for bringing the motion, but the facts indicate " 'egregious, intentional misconduct on the violator's part' " that justified an award of punitive damages. 889 F.2d at 776 (quoting *United States v. Ketelsen (In re Ketelsen)*, 880 F.2d 990, 993 (8th Cir. 1989)).

Thus, these cases can be distinguished on the basis of egregious, continuing conduct existing in *Neal* and *Knaus*, and the fact that the bringing of the motion in each case may have been necessary to stop the continuing stay violations, thus justifying an award of attorney's fees. *Bunch* is distinguishable because there the creditor failed to undo its action. Here, the Appellants have never sought return of the car. The Appellants claim damages because the Appellee took what the Appellants offered and intended to give to them. The Appellants' injury is that they permitted the Appellee to obtain the car without going through the technicalities, a merely formal process where the Appellants intended to return the vehicle.

Appellants have shown no actual damages. They were inconvenienced and annoyed, but fully intended to return the vehicle to the Appellee, anyway. The attorney's fees would not have been incurred but for the bringing of the motion. The Appellee's "invasion of [Appellants'] right to be left alone and the disruption its invasion caused in their lives" does not justify a monetary award for actual damages. The bankruptcy judge was correct in not making an award of actual damages. Only if an award of punitive damages were warranted would the debtors be justified in bringing the motion and in incurring additional attorney's fees relative thereto. This is not a case where "appropriate circumstances" exist under section 362(h) that warrant an award of punitive damages. The Appellee's actions were not "egregious, intentional misconduct" on the Appellee's part. *Knaus*, 889 F.2d at 776.

■ We further conclude no punitive damages should be awarded in the absence of actual damages, for two reasons.

The first reason is that not every violation of the section 362 automatic stay should result in punishment to the offender. As here, certain section 362 stay violations are technical in nature and need no punishment to

deter further violations. Instances involving no actual damages to the entity offended by a violation, are, and will be, rare, and it is not likely creditors will intentionally run the risk of such liability. The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment.

The second basis of our concern is the lack of a measure for punitive damages where no actual damage has been sustained by the offended party. The incurrence of actual damage, a measurable event, serves as a basis for a determination of an appropriate punitive damage award. Where there is no actual damage, such measure does not exist.

The bankruptcy judge did not abuse his discretion in denying an award to the Appellants and we AFFIRM.