In re Rene ROMAN, Debtor.

Eskanos & Adler, P.C., Appellant,

v.

Rene Roman, Appellee.

BAP No. SC–02–1019–MARYP.
Bankruptcy No. 01–05834–LA7.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted May 16, 2002.

Filed Aug. 15, 2002.

**4**

Barry Adler, Eskanos & Adler, Concord, CA, for Eskanos & Adler.

Michael G. Doan, Doan Law Offices, Carlsbad, CA, for Rene Roman.

Before: MARLAR, RYAN and PERRIS, Bankruptcy Judges.

1. The attorneys requested responsibility for any liability otherwise attributable to their client, the bank, and they were the only sanctioned party.

## OPINION

MARLAR, Bankruptcy Judge.

### INTRODUCTION

The attorneys for the creditor bank ("Appellant") violated the automatic stay by filing a postpetition state court lawsuit against the debtor.[1] Antagonism between the attorneys in this case then fueled unnecessary litigation, resulting in an award of attorneys' fees under § 362(h)[2] and, alternatively, sanctions under § 105(a), which could have been avoided altogether through professional courtesy and civility.

We admonish both attorneys, but nevertheless AFFIRM the bankruptcy court's award of actual damages under § 362(h), including a $5 travel expense and reasonable attorneys' fees and costs. We REVERSE the imposition of monetary sanctions under § 105(a) as unauthorized, and VACATE and REMAND the portion of the order requiring Appellant to report the sanction to the California State Bar. We also REMAND for a determination of the debtor's § 362(h) attorneys' fees and costs on appeal.

### FACTS

Rene Roman ("Debtor") filed a voluntary chapter 7 petition on May 31, 2001. First North American National Bank (the "bank" or "FNANB") was an unsecured creditor to whom Debtor owed $1,350.94. Both the bank and its attorneys, Eskanos & Adler, P.C. ("Appellant"), received notice of the bankruptcy filing.

On July 5, 2001, Debtor signed a reaffirmation agreement as to $200 of the debt owed to the bank. Notwithstanding the

2. Unless otherwise indicated, all section and chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330.

bankruptcy filing and partial reaffirmation, Appellant commenced a collection action against Debtor in state court on the same day, seeking judgment for $1,350.94, plus attorneys' fees in the amount of $300. Appellant later alleged that the commencement of this action was due to a mistake or clerical error.

Debtor received the complaint on July 13, 2001, and immediately drove to the office of her attorney, whom she hired to investigate and defend the lawsuit.

On July 31, 2001, Debtor's attorney sent a settlement demand letter and a draft state court lawsuit, consisting of a "boilerplate" complaint alleging willful violation of the automatic stay and other state and federal law counts, to the bank's regulatory authority—the United States Comptroller of the Currency.[3] Debtor demanded $5,000 to resolve all claims and to avert the lawsuit.

On August 3, 2001, Appellant dismissed the collection suit, but did not inform Debtor or Debtor's attorney.

Thereafter, Debtor's attorney sent the demand letter and draft complaint to the bank, which Appellant received on August 28, 2001.[4]

Appellant sent a facsimile letter to Debtor on August 31, 2001, informing Debtor for the first time about the dismissal of the

state court collection action. With the letter, Appellant also tendered $500 in settlement. Debtor refused the offer, and in follow-up telephone calls between the attorneys, Debtor made a new demand for $2,000. Debtor never filed the state court complaint.

Instead, on September 13, 2001, Debtor filed, in bankruptcy court, a "Motion for Damages for Violation of Automatic Stay; Request for Attorney Fees, Sanctions and Costs." The motion alleged that Debtor had sustained actual damages as a result of Appellant's willful stay violation, including attorneys' fees and costs incurred to stop the stay violation.

Debtor's attorney also alleged that Appellant had a pattern of similar conduct: "I believe this is the 6th or 7th case in the last two years whereby I have pursued claim [sic] on behalf of my clients as a result of the conduct of Eskanos and Adler." Decl. of Michael G. Doan, September 12, 2001, at 7, ¶ 12.[5]

Appellant opposed the motion and argued, *inter alia*, that (1) its violation of the stay was not "willful"; (2) Debtor had not proven any actual damages; (3) most of the attorneys' fees were incurred after Debtor rejected the $500 settlement offer; and (4) Debtor failed to mitigate her damages.

---

**3.** Debtor's attorney explained that a bank website indicated that "complaints" should be filed with the federal regulatory agency. *See* Decl. of Michael Doan, October 17, 2001, ¶ 3, exh. A. After receiving Debtor's letter and draft complaint, the Comptroller's office wrote back, distinguishing general consumer complaints from "lawsuits," and advised Debtor's counsel to serve any lawsuit upon a bank officer. *Id.*, exh. C.

It is unclear why Debtor's counsel used such circuitous "service" of its demand letter and draft complaint, other than as a means to harass the bank and embarrass the bank's attorneys.

**4.** There was evidence presented that Debtor's attorney had called the bank, but not Appel-

lant, on August 7, 2001, to inform it about the potential lawsuit. Decl. of Kimberly Hill, ¶ 3(g), October 3, 2001.

**5.** Appellant objected, in the bankruptcy court, to paragraph 12 of Doan's declaration, and also objected to subsequent declarations filed by Debtor. However, Appellant has not raised the specific evidentiary issues in this appeal, and therefore has waived these objections. *See Branam v. Crowder (In re Branam)*, 226 B.R. 45, 55 (9th Cir. BAP 1998) *aff'd mem.*, 205 F.3d 1350 (9th Cir.1999) (issues not argued in the opening brief are deemed abandoned).

To support the argument that Debtor's motion was lacking in merit, Appellant attached copies of a virtually identical "boilerplate" complaint and motion for damages by Debtor's attorney, and against Appellant, in another case, *In re Somkiat Leetien,* Case No. 00–08223–LA7, dated September 29, 2000.

Debtor replied on October 17, 2001, and filed her declaration in which she stated that she had sustained the following "actual economic damage," including:

a) Gasoline charges incurred in traveling to seek legal advice (8 miles each direction);

b) Wear and tear on my car to seek legal advice;

c) Attorney fees ($250 per hour) and costs in consulting regarding the lawsuit and retaining an attorney to end the continuous stay violation;

Decl. of Rene Roman, October 17, 2001.

Debtor's attorney filed a declaration in support of damages, indicating that attorneys' fees expended to date totaled $2,000, and stating that Debtor had rejected Appellant's $500 offer because her damages were in excess of that figure.

The hearing began on November 1, 2001, but was continued so that Appellant could respond to Debtor's reply and file any evidentiary objections. The court then rendered its decision at the continued hearing on November 29, 2001, finding that Appellant's conduct was a "willful violation" of the automatic stay, but was also due to clerical mistakes and was not malicious.

The court awarded Debtor her actual damages of $5 and a reduced amount of $1,000 in attorneys' fees and $18.20 in costs. It found that Debtor incurred $5 in travel expenses to retain her attorney after she was served with the complaint, and determined that such actual damages supported the award of the attorneys' fees incurred in defense of the lawsuit, pursuant to § 362(h).

The court explained that it could not ignore the fact that it had sanctioned Appellant the year before for similar conduct in the *Leetien* case.[6] Because Appellant, on more than one occasion, with notice of the automatic stay, either failed to take corrective action promptly or failed to notify the debtor of corrective action that had been taken, and thereby caused the debtors in each case to incur damages, the court ruled that the sanction was imposed, alternatively, under the court's inherent authority under § 105(a)[7]. The court also ordered Appellant to report the sanction to the California State Bar. The order was entered on December 26, 2001, and Appellant timely appealed.

### ISSUES

1. Whether the court erred in determining that Debtor incurred actual damages.

(a) The court may issue any order, process, or judgment that is necessary to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
11 U.S.C. § 105.

---

**6.** Appellant disputed the court's assertion that the same conduct was involved here and in *Leetien.* According to the motion of record in *Leetien,* Appellants had also filed a postpetition lawsuit, but did not dismiss the suit, even after Doan demanded it. *See* Decl. of Barry Adler in Opposition to Motion for Damages, October 9, 2001, exh. 10: Motion for Damages, *In re Somkiat Leetien,* Case No. 00–08223–LA7, September 29, 2000, at 2–3.

**7.** Section 105(a) provides:

2. Whether the $1,000 attorneys' fees award, as damages, was reasonable.

3. Whether the bankruptcy court abused its discretion by using its § 105(a) inherent powers as alternative authority for sanctioning Appellant, and requiring Appellant to report the judicial sanction to the California State Bar.

### STANDARDS OF REVIEW

■ A bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions are reviewed *de novo. Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 587 (9th Cir. BAP 1995). Findings are clearly erroneous when the panel "is left with a definite and firm conviction that a mistake has been committed." *Chubb & Son, Inc. v. Clark (In re Clark)*, 262 B.R. 508, 514 (9th Cir. BAP 2001).

■ The bankruptcy court's assessment of damages under § 362(h) is reviewed for an abuse of discretion, *Groner v. Miller (In re Miller)*, 262 B.R. 499, 503 (9th Cir. BAP 2001). We review the factual determinations underlying an award of attorneys' fees for clear error, and the legal premises used by the court to determine the award *de novo. Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir.2001). "If we conclude that the [bankruptcy] court applied the proper legal principles and did not clearly err in any factual determination, then we review the award of attorneys' fees for an abuse of discretion." *Id.* at 1148.

■ The scope of a bankruptcy court's power under § 105(a) is also a legal question, which we review *de novo. Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1123 (9th Cir.2000). The court's application of § 105 power is reviewed for an abuse of discretion. *Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843, 847 (9th Cir.

BAP 2002). An abuse of discretion includes the application of an incorrect rule of law. *Id.*

### DISCUSSION

Section 362(a) provides, in pertinent part, an automatic stay, applicable to all entities, of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; . . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; . . . .

11 U.S.C. § 362(a).

Section 362(h) creates a statutory remedy for individual debtors who are injured by a violation of the automatic stay. It provides:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

■ "The words 'shall recover' indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon a finding of a willful violation of the stay." *Ramirez*, 183 B.R. at 589.

■ An award of actual damages under § 362(h) requires a showing by the debtor that she sustained an injury from a "willful" violation of the stay. *Fernandez*

*v. GE Capital Mortgage Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 180 (9th Cir. BAP 1998) *aff'd mem.*, 208 F.3d 220 (9th Cir.2000). A "willful violation" does not require specific intent to violate the automatic stay. *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 167 (9th Cir. BAP 1995). A violation of the automatic stay is "willful" if 1) the creditor knew of the stay and 2) the creditor's actions, which violated the automatic stay, were intentional. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir.1989); *Expeditors Int'l of Wash., Inc. v. Colortran, Inc. (In re Colortran, Inc.)*, 210 B.R. 823, 826 (9th Cir. BAP 1997), *aff'd in part and vacated in part on other grounds*, 165 F.3d 35 (9th Cir.1998).

Appellant accepts the bankruptcy court's determination that it willfully violated the automatic stay by filing and serving its collection complaint postpetition. However, Appellant contests the bankruptcy court's determination that Debtor incurred actual damages as a result of the stay violation.

### A. Actual Damages Under § 362(h)

Appellant contends that Debtor was not injured by the stay violation. We have held that "[i]njury means actual damages." *Fernandez*, 227 B.R. at 180.[8]

The bankruptcy court found that Debtor suffered actual damages consisting of $5 in travel expense as well as attorneys' fees and costs in this litigation.

### 1. $5 Travel Expense

▇▇ Appellant contends that the bankruptcy court erred in determining that the $5 expended by Debtor in traveling to her attorney's office to retain counsel to defend against Appellant's lawsuit constituted actual damages.

First, Appellant argues that the actual damages were not supported by the evidence, solely because Debtor did not substantiate her claim regarding her travel expense until she filed her reply.

This argument is not supported by the record, which reveals that Debtor presented declaration evidence with her original motion of actual damages consisting of attorneys' fees and costs, which are recoverable "actual damages" under § 362(h). *Beard v. Walsh (In re Walsh)*, 219 B.R. 873, 876 (9th Cir. BAP 1998); *Stainton v. Lee (In re Stainton)*, 139 B.R. 232, 235 (9th Cir. BAP 1992).

Nor do we perceive any procedural error. At the November 1, 2001, hearing, the bankruptcy court noted that, although new evidence should not be filed with the reply, the hearing would be continued to enable Appellant to respond or file evidentiary objections. Appellant then filed objections to Debtor's declaration evidence. At the continued hearing, the bankruptcy court expressly considered those objections and accepted Debtor's evidence.

Therefore Appellant was not denied due process, nor did the bankruptcy court abuse its discretion in considering the Debtor's evidence of damages. The bankruptcy court correctly found that Debtor incurred $5 in travel expense. *See Ambassador Hotel Co., Ltd. v. Wei–Chuan Inv.*, 189 F.3d 1017, 1024 (9th Cir.1999) (the district court's computation of damages is reviewed for clear error).

Next, Appellant contends that the travel expense was too slight to be "actual damages," but rather was an unrecoverable

---

**8.** "Actual damages" under § 362(h) requires a finding of "actual injury," *In re Skeen*, 248 B.R. 312, 318 (Bankr.E.D.Tenn.2000). Courts sometimes use the term "damages" interchangeably to mean either the harm or loss suffered by the debtor or the legal remedy for that loss. *See* Dan B. Dobbs, *Law of Remedies* § 3.1, at 209 (2d ed.1993).

cost item. *See* 28 U.S.C. § 1920 (enumerating recoverable costs in federal court proceedings). Appellant presents no legal support for this argument, nor can we find any.

■ "Actual damages" is not restricted to a certain dollar amount, but is simply a money judgment in compensation for a legally recognized injury or harm.[9] *See Sizemore v. Dayton Emergency Specialists (In re Sizemore)*, 138 B.R. 540, 541 (Bankr.S.D.Ohio 1992) (debtor awarded $50 in compensatory damages for migraine headaches which required medical treatment, plus attorneys' fees). Here, the Debtor proved that she incurred the $5 by traveling to her attorney's office after she received Appellant's complaint. She incurred this expense in defending her rights in response to the violating complaint. Therefore, the bankruptcy court correctly determined that the $5 in travel expense constituted "actual damages" under § 362(h).

■ Third, Appellant contends that the travel expense was needlessly incurred, because Debtor could have made a phone call instead. Generally, an injury that is incurred due to the debtor's own action or failure to act is not a compensable damage item for the stay violation. *See Wolkowitz v. Shearson Lehman Bros., Inc. (In re Weisberg)*, 193 B.R. 916, 928 (9th Cir. BAP 1996), *aff'd in part and rev'd in part on other grounds*, 136 F.3d 655 (9th Cir.1998) (debtor did not incur damage or loss by virtue of the purported stay violation because any damage was attributable to the debtor's or trustee's own failure to act).

Upon being served with the complaint, Debtor immediately sought legal advice, which was her right. Her decision to drive to her attorney's office was reasonable under the circumstances, and her actual expense for travel was slight, a fact Appellant should appreciate. The equities of this argument weigh against Appellant. As the offending creditor, Appellant can neither dictate nor second-guess how Debtor should have protected her rights when she was forced to defend herself against its wrongful conduct.

We therefore agree with the bankruptcy court that Debtor's travel expenses constituted actual damages in the amount of $5, and that such amount was compensable under § 362(h).

### 2. Attorneys' Fees

■ The bankruptcy court also awarded Debtor her attorneys' fees of $1,000, which was one-half of the requested amount. Appellant contends that the court abused its discretion.

Appellant contends that the $5 actual damages was too slight to support the fee award. This perception is incorrect, because attorneys' fees and costs are included in the enumeration of actual damages which are recoverable under § 362(h). We have held that the words "shall recover" in § 362(h) "indicate that Congress intended that the award of actual damages, costs and attorney's fees be mandatory upon finding a willful violation of the stay." *Walsh*, 219 B.R. at 876. Section 362(h) is unique among statutory damage provisions in that it was intended to include attorney's fees and costs within the term "actual damages":

> "The inclusion of attorneys' fees in a damages award is unique and must be given effect when applying § 362(h).

---

9. Generally, actual damages include compensatory damages, as opposed to noneconomic or punitive damages, and are defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." *Black's Law Dictionary* (7th ed.1999).

'Ordinarily a statutory right to "damages" does not include an implicit authorization to award attorney's fees. Indeed, the American Rule presumes that the word "damages" means damages exclusive of fees.' ... Thus, attorney's fees are only included in a damages award when 'Congress intend[s] to give a broader scope to the term "damages."' ... In enacting § 362(h), Congress clearly intended to give a broader scope to the term 'actual damages.'"

*Id.* at 879 (J. Ryan, concurring op.) (internal citations omitted).

Thus, § 362(h) is a statutory exception to the American Rule and it allows attorneys' fees to be "actual damages," rather than a separate litigation expense. *See* Dobbs, *supra*, § 3.10(3) and (4), at 285–86 (discussing fee awards under legislation and apart from common law exceptions to the American Rule). We hold that Debtor's attorneys' fees and costs were "actual damages" under § 362(h).[10]

**10.** Apparently, Appellant's argument that $5 does not support the fee award stems from the bankruptcy court's ruling that, in the absence of an egregious stay violation, an award of attorneys' fees as damages must be conditioned upon a finding of other actual damages. *See* Transcript, November 29, 2001, at 12:9–17 (citing *McHenry*). We do not need to reach this issue, having affirmed the $5 actual damages. To set the record straight, however, we briefly address the court's reliance on *McHenry*.

*McHenry* is sometimes cited for the proposition that attorneys' fees, without other actual damages, are only allowable when the creditor's conduct warrants punitive damages because it is ongoing and egregious. *See Aiello v. Providian Fin. Corp. (In re Aiello)*, 231 B.R. 684, 689 (Bankr.N.D.Ill.1999), *aff'd*, 257 B.R. 245 (N.D.Ill.2000), *aff'd*, 239 F.3d 876 (7th Cir.2001).

However, *McHenry* did not hold that attorneys' fees cannot constitute independent actual damages under § 362(h), nor did it discuss seminal case law for that precedent, such as *Lovett v. Honeywell, Inc.*, 930 F.2d 625, 629 (8th Cir.1991) (holding that "the time expended bringing the motion for a temporary restraining order and contempt sanctions, in the absence of any other damage, is [not] the type of damage contemplated by section 362(h)."). In addition, Ninth Circuit case law holds otherwise. *See Stainton*, 139 B.R. at 235 (affirming the award of attorneys' fees and costs as actual damages in the absence of other damages); *Amick v. Bradford (In re Bradford)*, 112 B.R. 347, 354 (9th Cir. BAP 1990) (holding that a finding of circumstances justifying punitive damages was unnecessary in order to allow the prevailing party to recover attorneys' fees under § 362(h) "since

attorney's fees are compensable as actual damages.").

In *McHenry*, the bank which held an interest in the debtors' vehicle, after receiving notice of the debtors' bankruptcy, telephoned them to discuss their delinquent car payments, an act which violated the automatic stay. *McHenry*, 179 B.R. at 166–167. The bank was referred to the debtors' attorney, who told the bank that the debtors did not intend to reaffirm the debt and would return the vehicle to the bank. The bank called the debtors and made arrangements to pick up the vehicle, which it did, according to those arrangements and without formal foreclosure. *Id.* at 166. The debtors then filed a motion for sanctions, requesting attorneys' fees incidental to the motion for sanctions, noneconomic damages of $5,000 and punitive damages. *Id.*

The bankruptcy court denied the debtors' motion, and we affirmed, finding that the debtors would not have incurred attorneys' fees but for the bringing of the motion. We found that the debtors intended to return the vehicle anyway, and their "injury" consisted of noncompensable inconvenience and annoyance that the bank did not go through the formalities. *Id.* at 168. We determined that the bank's act did not rise to the level of egregious misconduct to support punitive damages. *Id.* We held, moreover, that no punitive damages should be awarded in the absence of actual damages. *Id.*

Basically, in *McHenry* the debtors did not have *any* actual damages or injury due to the stay violation because their attorneys' fees were incurred in the filing of an unnecessary motion for sanctions. *Id.* This finding was more in the nature of a reasonableness determination, which, as we discuss below, is the

### B. Reasonableness of Fee Award; Debtor's Duty to Mitigate

Appellant maintains that the $1,000 attorneys' fees were not recoverable because they resulted, not from any injury caused by the stay violation, but rather from Debtor's improper use of § 362(h) as a sword rather than a shield, and from Debtor's failure to mitigate her loss in refusing the $500 settlement offer which Appellant tendered on August 31, 2001, before Debtor incurred more fees and costs in filing the § 362(h) motion.

Section 362(h) provides little guidance regarding the applicable standards for awarding actual damages. Nonetheless, most courts apply a reasonableness analysis. Section 362(h) "requires that the injured party be awarded the entire amount of actual damages *reasonably incurred* as a result of a violation of the automatic stay." *Stainton*, 139 B.R. at 235 (emphasis added).

Courts in other circuits have applied the standard of § 330 for compensating professionals in bankruptcy, which provides for "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). *See United States v. Price*, 176 B.R. 807, 808 (N.D.Ill.1993), *aff'd*, 42 F.3d 1068 (7th Cir.1994) ("To the extent that services performed are compensable under § 330, attorneys' fees have been incurred by the estate and can be awarded pursuant to § 362(h)."); *Sucre v. MIC Leasing Corp. (In re Sucre)*, 226 B.R. 340, 351 (Bankr.S.D.N.Y.1998) ("In determining the reasonableness of attorneys' fees under § 362(h), the Court will utilize the 'lodestar' method ordinarily used in determining the reasonableness of fees sought pursuant to § 330 of the Bankruptcy Code."); *In re Price*, 179 B.R. 70, 71 n. 2 (Bankr.S.D.Ohio 1995) ("[A] review of the

caselaw reveals a long-standing practice of subjecting compensation in stay violation cases to the same § 330 criteria employed in all other instances; i.e., the time spent, the quality of the services rendered and their value, the result produced, the skill required, and the benefit conferred upon the debtor.")

 We endorse the use of the principles used in § 330 as a guide for awarding attorneys' fees under § 362(h). We also acknowledge and apply our own Circuit's more generalized standard for finding "reasonable" damages for a stay violation:

> We will affirm an award of damages unless it is clearly unsupported by the evidence or grossly excessive, monstrous, or shocking to the conscience.

*Computer Communications, Inc. v.Codex Corp. (In re Computer Communications, Inc.)*, 824 F.2d 725, 731 (9th Cir.1987) (a contempt action for a stay).

Unfortunately, fee shifting statutes, like § 362(h), have given debtors an opportunity to use the statute as a sword rather than a shield, to courts' dismay. *See McHenry*, 179 B.R. at 169 (§ 362 "should not be used as a sword" for the debtors' enrichment); *In re Flack*, 239 B.R. 155, 165 (Bankr.S.D.Ohio 1999) ("[C]ourteous post-petition communications ... would have gone a long way to eliminate this dispute."); *Clayton v. King (In re Clayton)*, 235 B.R. 801, 811–12 (Bankr. M.D.N.C.1998) (finding debtor's conduct intentionally dilatory and designed to promote a claim); *McLaughlin v. Fireman's Trust Mortgage Corp. (In re McLaughlin)*, 96 B.R. 554, 560 (Bankr.E.D.Pa.1989) (cautioning that "rewarding debtors too lavishly in § 362(h) actions will encourage a cottage industry of precipitous § 362(h) litigation").

standard for awarding attorneys' fees as damages.

■ Consequently, there is also a consensus in the case law that, in determining reasonable damages under § 362(h), the bankruptcy court must examine whether the debtor could have mitigated the damages. Generally, in determining the appropriate amount of attorneys' fees to award as a sanction, the court looks to two factors: "(1) what expenses or costs resulted from the violation and (2) what portion of those costs was reasonable, as opposed to costs that could have been mitigated." *In re GeneSys, Inc.*, 273 B.R. 290, 296 (Bankr.D.C.2001) (applying contempt sanctions under § 105). *See also: Computer Communications*, 824 F.2d at 731; *In re Sammon*, 253 B.R. 672, 681 (Bankr. D.S.C.2000); *Lori v. Lori (In re Lori)*, 241 B.R. 353, 356 (Bankr.M.D.Pa.1999); *In re Esposito*, 154 B.R. 1011, 1015 (Bankr. N.D.Ga.1993).

■ Courts especially scrutinize cases where the debtor's only injuries are those incurred in litigating the motion for sanctions, and where there exist no circumstances warranting punitive damages. *See McHenry*, 179 B.R. at 168; *Shadduck v. Rodolakis*, 221 B.R. 573, 585 (D.Mass. 1998) (requiring a debtor to attempt to resolve the dispute prior to filing a motion for sanctions); *In re Craine*, 206 B.R. 594 (Bankr.M.D.Fla.1997) (finding no injury); *In re Brock Utils. & Grading, Inc.*, 185 B.R. 719 (Bankr.E.D.N.C.1995) (same); *McLaughlin*, 96 B.R. at 563 (reducing fees).

Appellant contends that Debtor created unnecessary attorneys' fees by preparing a "boilerplate" complaint and making a demand for $5,000, rather than first attempting negotiation.

Debtor had no knowledge that Appellant's state court complaint had been dismissed when she presented her draft complaint. The "boilerplate" lawsuit used by Debtor's attorney had already been prepared in another case with a similar problem, and was simply used as leverage. In fact, using a previously prepared pleading probably *saved* expenses.

Further, Appellant contends that Debtor refused its settlement offer of $500, which amount Appellant alleges would have made Debtor whole, and instead only protracted the litigation by making a new demand for $2,000. Debtor presented evidence, however, that her attorneys' fees exceeded the $500 settlement offer at the time such offer was made.

■ Appellant's argument attempts to deflect the blame for the damages from its willful stay violation. The first factor, in determining reasonableness, is to ascertain whether the creditor or the debtor created the injury. The creditor has the burden both to establish administrative safeguards to prevent stay violations and to restore the status quo by undoing them. *Commercial Credit Corp. v. Reed*, 154 B.R. 471, 476 (E.D.Tex.1993); *In re Roush*, 88 B.R. 163, 164 (Bankr.S.D.Ohio 1988).

■ Part of what is stayed in § 362(a) is the continuation of a proceeding against the debtor. In this case, even after Appellant dismissed the complaint, the firm did not inform Debtor or her attorney of the dismissal until nearly a month later. During the interim, the unknowing Debtor and her attorney had to defend the lawsuit. Thus, the creditor's non-communication caused or contributed to the ongoing injury.

This point was illustrated in *Havelock v. Taxel (In re Pace)*, 67 F.3d 187 (9th Cir. 1995), where the former debtor's counsel was sanctioned for contempt pursuant to § 105 for prosecuting a legal malpractice action on behalf of the debtor and concealing it from the chapter 7 trustee in order to retain the settlement proceeds. There were no damages other than attorneys'

fees and costs incurred by the trustee in bringing an adversary proceeding to recover the settlement proceeds. The debtor's counsel argued that attorneys' fees were not warranted because part of the conduct which violated the stay was merely a defense against the trustee's adversary proceeding. The court imposed discretionary contempt sanctions. The Ninth Circuit Court of Appeals found that counsel had missed the point of the sanctions:

> [N]either the bankruptcy court nor the BAP held that the Appellants violated the automatic stay by *defending* themselves in the adversary proceeding; rather, both courts declared that the Appellants should be held responsible for Taxel's costs and fees incurred in prosecuting the adversary proceeding, because it was the Appellants' conduct throughout this case, in both state and federal court, that necessitated Taxel's filing and prosecution of the adversary proceeding.

*Id.* at 191–92 (emphasis in original).

Similarly, in this case, Appellant's actions and inactions caused Debtor to incur actual damages and attorneys' fees and costs in an attempt to undo the filing of the state court complaint when Debtor was not informed that the complaint had been dismissed. Moreover, the bankruptcy court's award of attorneys' fees as damages for Appellant's willful conduct was required under § 362(h). *Ramirez,* 183 B.R. at 589. *See also Nissan Motor Acceptance Corp. v. Baker,* 239 B.R. 484, 490–91 (N.D.Tex.1999) (creditor's argument that the debtors failed mitigate their damages "ignores the crucial, undisputed fact that Appellant willfully violated the stay").

Debtor and her attorney were not entirely blameless in this case, however. Debtor's counsel erroneously served the demand letter and draft complaint on the wrong party, and did not attempt to contact Appellant between July 13, 2001, when Debtor was served with the complaint, and August 28, 2001, when Debtor served the demand letter on Appellant. Instead of making an obviously excessive $5,000 demand, Debtor could have merely telephoned Appellant and attempted to negotiate a reasonable settlement. When Appellant offered a settlement of $500, Debtor could have responded with a more reasonable counter-offer, rather than demanding $2,000.

The bankruptcy court took all of this into consideration when it adjusted Debtor's fee request of $2,000, and limited the award to only $1,000 in attorneys' fees. We hold that this amount was reasonable.

### C. § 105(a) Sanctions

#### 1. Attorneys' Fees

The bankruptcy court alternatively held that it was awarding attorneys' fees and costs pursuant to its inherent authority, citing the need to deter Appellant's repetitive misconduct. Appellant argues that the bankruptcy court improperly used its inherent power under § 105 to expand the provisions of § 362(h).

Section 105 provides a bankruptcy court with broad equitable powers by stating that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also* 2 *Collier on Bankruptcy,* ¶ 105.01 at 105–5 (Lawrence P. King et al. eds., 15th ed. rev.2001) (stating that § 105 is a grant of equitable authority). Included in the court's inherent powers are civil contempt power and the inherent power to sanction vexatious conduct presented before the bankruptcy court. *Renwick v. Bennett (In re Bennett),* 298 F.3d 1059, 1068–69 (9th Cir.2002).

Before the enactment of § 362(h) in 1984, sanctions for violations of the automatic stay were pursued in a civil contempt proceeding pursuant to the court's discretionary power under § 105(a). *See Cal. Employment Dev. Dep't v. Taxel (In re Del Mission Ltd.)*, 98 F.3d 1147, 1152 n. 5 (9th Cir.1996). Since the enactment of § 362(h), damages for a violation of the automatic stay are ordinarily recovered under § 362(h), but if that statute is inapplicable, for example because the debtor is a corporation and not an individual, then § 105(a) provides relief to injured parties. *Id.* at 1152 (stating that § 105 provides relief to those entities that cannot recover under § 362(h)).[11]

A fundamental principle of equity jurisprudence is that "equity follows the law." *Hedges v. Dixon County*, 150 U.S. 182, 192, 14 S.Ct. 71, 37 L.Ed. 1044 (1893). A court's inherent power must not be used to create substantive rights that are not available under applicable law. *See Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *Walls*, 276 F.3d at 507 (stating that a bankruptcy court cannot read other remedies into those already fixed by Congress).

Section § 105(a) does not "empower courts to issue orders that defeat rather than carry out explicit provisions of the Bankruptcy Code...." *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1080 (9th Cir.1989). *See also Yadidi*, 274 B.R. at 852–53 (stating that § 105 may not be used as separate authority to deny a

chapter 7 discharge that was not supported under § 727); *Myrvang*, 232 F.3d at 1125 (holding that § 105(a) does not authorize the imposition of a monetary penalty as an incentive to induce timely payments of a debt determined to be nondischargeable under § 523); *Missoula Fed. Credit Union v. Reinertson (In re Reinertson)*, 241 B.R. 451, 455–56 (9th Cir. BAP 1999) (holding that § 105 could not be used when Civil Rule 60(b)(1) applied but prevented relief from an order); *Canino v. Bleau (In re Canino)*, 185 B.R. 584, 593–94 (9th Cir. BAP 1995) (holding that § 105 could not be used to create an informal objection to a claim of exemption). *Cf. Demos v. Brown (In re Graves)*, 279 B.R. 266, 273–74 (9th Cir. BAP 2002) (a court may invoke its § 105(a) power to institute a § 110(j) injunction because it is thereby implementing a specific Code provision);

In *American Hardwoods, Inc. v. Deutsche Credit Corp. (In re American Hardwoods, Inc.)*, 885 F.2d 621 (9th Cir. 1989), the debtor requested that the court use its § 105 equitable powers to enjoin a creditor from proceeding in state court against a third-party who was jointly and severally liable for the debtor's debts. *Id.* at 622–23. The court found that the debtor was essentially seeking a discharge disguised as a permanent injunction. *Id.* at 626. Because § 524 deals with discharges, the court concluded "that the specific provisions of section 524 displace the court's equitable powers under section 105." *Id.*

Here, Debtor was appropriately awarded actual damages for the stay viola-

---

11. The "primary difference between proceeding on the basis of the language of § 362(h) on one hand, and civil contempt on the other, is the mandatory nature of an award of damages as to the former compared to the permissive nature of such an award under the latter." *Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 620 (9th Cir.1993). Another difference is that punitive damages can be awarded under § 362(h), but not un-

der civil contempt. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir.2002) (in a private action to enforce the discharge injunction, "compensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorneys fees, and the offending creditor's compliance with the discharge injunction").

tion under § 362(h), and therefore the statutory remedy was Debtor's exclusive remedy. *See Walls,* 276 F.3d at 507 (holding that " § 105(a) authorizes only such remedies as are 'necessary or appropriate to carry out the provisions of this title.' ") (citation omitted). Thus, it was both unnecessary and improper for the court to resort to its inherent authority for the imposition of attorneys' fees as a sanction for the same conduct.

### 2. Report to State Bar

The bankruptcy court, *sua sponte,* ordered Appellant to report the imposition of the sanctions to the California State Bar.[12] Appellant contends that the court's order was an improper penalty which exceeded the scope of the court's § 105(a) equitable power.

Since the court imposed this sanction in conjunction with its § 105(a) sanction, we will remand this portion of the court's order for its reconsideration in light of our holding that only actual damages under § 362(h) were appropriate.

### D. Attorneys' Fees and Costs on Appeal of a § 362(h) Order

■■■ Debtor requests attorneys' fees on appeal. A successful debtor is entitled to recover attorneys' fees and costs incurred in resisting a nonfrivolous appeal of a § 362(h) order. Such additional damages are mandatory under § 362(h). *Walsh,* 219 B.R. at 878. Therefore, on remand, the bankruptcy court is instructed to determine the amount of appellate costs.

### CONCLUSION

This litigation could have been curtailed, and probably avoided, if Debtor's attorney and Appellant had extended professional courtesies to one another, and simply made some phone calls and divulged material information in a sincere effort to resolve what began as a minor problem. Instead, they each allowed the "bad blood" between them to complicate their strategies and escalate meaningless litigation. Therefore, we find it appropriate to strongly admonish both parties for putting their respective desire to take each other to task before the interests of their clients. Such conduct led to the complete breakdown of professionalism, civility, and the proper functioning of their responsibilities as lawyers.

Nevertheless, we **AFFIRM** the order finding a willful stay violation and awarding actual damages under § 362(h). Attorneys' fees in the amount of $1,000 were reasonable, considering both the injury caused by the stay violation and Appellant's delay in informing Debtor that the complaint had been dismissed.

Section 105(a) does not authorize the imposition of a sanction of attorneys' fees in lieu of § 362(h) actual damages. Therefore that portion of the order is **REVERSED.**

The court's order requiring Appellant to report the sanction to the State Bar is **VACATED** and **REMANDED** for the court's reconsideration of its reporting sanction in light of the § 362(h) exclusive remedy.

The case is further **REMANDED** for a determination of Debtor's § 362(h) attorneys' fees and costs on appeal.

---

12. In California, an attorney must report to the State Bar, "in writing, within 30 days of the time the attorney has knowledge of" … "[t]he imposition of any judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000)." Cal.Bus. & Prof.Code § 6068(*o*)(3) (West, WESTLAW through 2002 legislative session).